E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-05742-S3
8/3/2021 12:38 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**MARISOL VACA as natural parent, guardian, and next friend of Minor Y.G.V.,**

PLAINTIFF

CIVIL ACTION NUMBER: 21-C-05742-S3

VS.

**QuikTrip Corporation,**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:** QuikTrip Corporation

**You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:**

Anne Marie du Toit, Esq.
2275 Marietta Blvd.
Ste. 270-245
Atlanta, GA 30318

**an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. *If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.***

**This** 3RD **day of** AUGUST, **20**21.

**Tiana P. Garner**
**Clerk of State Court**

**By** [signature]
**Deputy Clerk**

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

**SC-1 Rev. 2011**



E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-05742-S3
8/3/2021 12:38 PM
TIANA P. GARNER, CLERK

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of Gwinnett County

**For Clerk Use Only**

Date Filed ____________ (MM-DD-YYYY)    Case Number 21-C-05742-S3

**Plaintiff(s)**

Vaca, Marisol

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Vaca | Marisol | | | |
| | | | | |
| | | | | |
| | | | | |

**Defendant(s)**

QuikTrip Corporation

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| QuikTrip Corporation | | | | |
| | | | | |
| | | | | |
| | | | | |

**Plaintiff's Attorney** Anne Marie du Toit    **Bar Number** 213320    **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☐ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☒ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

____________ Case Number    ____________ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. ____________ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.18

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-05742-S3
8/3/2021 12:38 PM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

MARISOL VACA as natural parent, guardian, and next friend of Minor Y.G.V.,

Plaintiff,

vs.

QUIKTRIP CORPORATION,

Defendants.

**JURY TRIAL DEMANDED**

CIVIL ACTION FILE NO. 21-C-05742-S3

**COMPLAINT**

COMES NOW, Plaintiff Marisol Vaca as natural parent, guardian, and next friend of minor Y.G.V. (hereinafter "Plaintiff") and files this Complaint, alleging as follows:

**PARTIES, JURISDICTION AND VENUE**

1.

Plaintiff is a resident of Georgia.

2.

Plaintiff submits to the jurisdiction and venue of this Court.

3.

Plaintiff Marisol Vaca is the parent and natural guardian of Y.G.V., a minor, who was 14 years old at the time of the incident upon which this lawsuit is based.

4.

Defendant, QUIKTRIP CORPORATION is a Foreign Corporation, conducting business in the State of Georgia, and may be served with process through its registered agent for service, to wit: CT Corporation System, 289 S. Culver St., Lawrenceville, GA 30046 (Gwinnett County).

5.

Defendant QUIKTRIP CORPORATION, is subject to the jurisdiction and venue of this Court.

**AGENCY**

6.

Whenever in this Complaint it is alleged that any named Defendant did any act or thing, it is meant that said Defendants' officers, agents, servants, employees, or representatives did such act or thing and that at the time such act or thing was done, it was done with the full authorization or ratification of said Defendants or was done in the normal and routine course and scope of employment of said Defendants' officers, agents, servants, employees or representatives.

**BACKGROUND**

7.

On June 13, 2020, Defendant QUIKTRIP CORPORATION was in legal possession of QuikTrip Store No. 714, the retail premises located at 1515 Beaver Ruin Road, Norcross, GA 30093, in Gwinnett County (the "Subject Premises").

8.

On June 13, 2020, Defendant QUIKTRIP CORPORATION owned and operated the Subject Premises.

9.

On June 13, 2020, Defendant QUIKTRIP CORPORATION was in legal possession of the Subject Premises.

10.

On June 13, 2020, Defendant QUIKTRIP CORPORATION owned and operated the Subject Premises.

11.

On June 13, 2020, Y.G.V. was an invitee at the Subject Premises.

12.

On June 13, 2020, Y.G.V. was walking in the Subject Premises when she slipped and fell on a wet and slippery substance on the ground, which constituted a hazardous condition on the Subject Premises.

13.

At the time of her fall, employees of Defendant, who were working within the course and scope of their employment, were in the immediate vicinity of Y.G.V..

14.

The hazardous condition by the wet and slippery substance was within the line of sight of Defendants' employees both before and during Y.G.V.'s fall.

15.

QUIKTRIP employees that were in the area of the hazardous condition did see or should have seen the hazardous condition created by the wet slippery substance.

16.

At all relevant times, an employee/agent of QUIKTRIP Defendants was responsible for cleaning spilled products and/or placing a prominent warning sing to notify patrons of dangerous conditions, including spilled foreign substances on the ground.

17.

At all relevant times, Y.G.V. exercised reasonable care for her safety. Y.G.V. did nothing to contribute to this incident.

**NEGLIGENCE**

18.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint above as if fully restated.

19.

The wet slippery substance, which caused the Y.G.V.'s fall, was located in a heavy-traffic area and constituted a hazardous and unsafe condition on the premises.

20.

The wet slippery substance was one that QUIKTRIP Defendants were on notice was likely to occur in that area of the premises.

21.

The wet slippery substance was one that QUIKTRIP Defendants were on notice was likely to present a slip and fall hazard.

22.

The QUIKTRIP Defendants, by and through their agents and employees, owed a duty to Y.G.V. to keep all areas of the Subject Premises in a safe condition, and breached that duty, by failing to discover, observe, and correct the condition regarding the wet slippery substance on the ground, which constituted a hazardous condition, and which caused Y.G.V. to fall.

23.

Defendants are liable for the negligent acts and omissions of their employees and/or agents, under the theory of *Respondeat Superior*.

24.

At the time of the incident, Defendants negligently maintained an unsafe condition of the Subject Premises by allowing wet slippery substance to remain on the ground.

25.

At the time of the incident, Defendants negligently maintained an unsafe condition of the Subject Premises by failing to inspect, at reasonable intervals, the condition of the ground to ensure, among other things, that there were no foreign substances or items on the ground or other dangerous conditions.

26.

Defendants failed to exercise care to inspect and maintain the premises in a safe condition.

27.

At the time of the incident, no warnings were posted which would have alerted Y.G.V. to the presence of a foreign substance in the area in which the wet slippery substance were located.

28.

Defendants, through their agents and employees, had superior knowledge regarding the unsafe condition of the Subject Premises.

29.

Prior to the injuries sustained by the Y.G.V., Defendants, through their agents and employees, had actual notice that the Subject Premises was in an unsafe condition.

30.

Prior to the injuries sustained by the Y.G.V., Defendants, through their agents and employees, had constructive notice that the Subject Premises was in an unsafe condition.

31.

Defendants knew or should have known that it was likely that injury would result to its invitees and other individuals on the property if the unsafe condition of the Subject Premises was not corrected.

32.

Defendants breached their duties to the Y.G.V. by failing to inspect and keep the Subject Premises safe and free of the hazard of foreign objects or substances on the ground, thereby allowing the premises to remain in an unsafe condition.

**COUNT II – NEGLIGENT TRAINING / SUPERVISION**

33.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint above as if fully restated.

34.

Defendant QUIKTRIP is liable in this action for negligent training and/or supervision of QUIKTRIP agents and employees as it relates to exercising care to inspect and maintain the premises in a safe condition despite the fact that failure to inspect and maintain the premises in a safe condition was likely to result in injury to an invitee.

35.

As a result of said negligent training and/or supervision, Y.G.V. suffered injury.

36.

Defendant QUIKTRIP is responsible for the actions of their employees/agents, including Defendant QUIKTRIP while in the course and scope of employment/agency under the doctrine of respondeat superior.

37.

Y.G.V. suffered and continues to suffer bodily, mental, and emotional pain and suffering, diminished enjoyment of life, and incurred medical-related expenses.

**DAMAGES**

38.

Plaintiff realleges and incorporates herein the allegations contained in the preceding paragraphs of this Complaint above as if fully restated.

39.

As a direct result of the incident proximately caused by the negligence of Defendants, Y.G.V. has sustained serious and permanent injuries to her body, resulting in physical and emotional pain, suffering, and mental anguish.

40.

As a direct result of the incident proximately caused by the negligence of the Defendants, and as a direct result of the injuries suffered in said incident, Y.G.V. has incurred extensive medical expenses in the amount of approximately $15,961.00.

41.

As a result of the actions and omissions of Defendant, Y.G.V. will incur medical expenses in the future.

42.

As a direct result of the incident proximately caused by the negligence of the Defendants, Y.G.V. has experienced physical pain and suffering.

43.

Each negligent act of the Defendants, or a combination thereof, was the direct and proximate cause of the incident and the physical injuries and damages suffered by Y.G.V..

44.

As a result of the Defendants' negligence, failure to keep safe and to maintain the premises, and failure to warn, Y.G.V. is entitled to recover for the injuries she sustained, including the cost of her medical treatment, the cost of her future medical treatment, past and future pain and suffering, and all other elements of damages as allowed under the laws of the State of Georgia.

**WHEREFORE**, the Plaintiff respectfully prays:

a) That summons be issued and that Defendants be served as provided by law;

b) That judgment be rendered for the Plaintiff against Defendants, in such amount a fair and impartial jury may determine;

c) That all costs of this action be cast upon the Defendants;

d) That Plaintiff have such other and further relief as this Court may deem just and proper; and

e) That all issues herein be submitted to a jury.

This 3rd day of August, 2021.

PAYNE & DU TOIT

/s/ Anne Marie du Toit
Anne Marie du Toit
Georgia Bar No. 213320
Catherine D. Payne
Georgia Bar No. 463911

2275 Marietta Blvd NW, Ste. 270-245
Atlanta, GA 30318-2019
adutoit@pdtfirm.com
cpayne@pdtfirm.com

*Attorneys for Plaintiff*

E-FILED IN OFFICE - AK
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
21-C-05742-S3
8/31/2021 2:59 PM
TIANA P. GARNER, CLERK

**IN THE STATE COURT OF GWINNETT COUNTY**

**STATE OF GEORGIA**

MARISOL VACA AS NATURAL PARENT, GUARDIAN, AND NEXT FRIEND OF MINOR Y.G.V.,

Plaintiffs,

v.

QUIKTRIP CORPORATION,

Defendant.

CIVIL ACTION

FILE NO. 21-C-05742-S3

**DEFENSES AND ANSWER**

COMES NOW, Defendant QUIKTRIP CORPORATION, appearing specially and without submitting to the jurisdiction and venue of this Court, and files its Defenses and Answer to Plaintiffs' Complaint for Damages, and shows the Court as follows:

**FIRST DEFENSE**

The Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

**SECOND DEFENSE**

Jurisdiction is improper as to this Defendant.

**THIRD DEFENSE**

Venue is improper as to this Defendant.

**FOURTH DEFENSE**

**ANSWER**

Defendant responds to the allegations of Plaintiffs' Complaint as follows:

1.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of Plaintiffs' Complaint.

2.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 2 of Plaintiffs' Complaint.

3.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of Plaintiffs' Complaint.

4.

Defendant denies the averments contained in paragraph 4 of Plaintiffs' Complaint.

5.

Defendant denies the averments contained in paragraph 5 of Plaintiffs' Complaint.

6.

Defendant denies the averments contained in paragraph 6 of Plaintiffs' Complaint.

7.

Defendant admits the averments contained in paragraph 7 of Plaintiffs' Complaint.

8.

Defendant admits the averments contained in paragraph 8 of Plaintiffs' Complaint.

9.

Defendant admits the averments contained in paragraph 9 of Plaintiffs' Complaint.

10.

Defendant denies the averments contained in paragraph 10 of Plaintiffs' Complaint.

11.

Defendant denies the averments contained in paragraph 11 of Plaintiffs' Complaint.

12.

Defendant denies the averments contained in paragraph 12 of Plaintiffs' Complaint.

13.

Defendant denies the averments contained in paragraph 13 of Plaintiffs' Complaint.

14.

Defendant denies the averments contained in paragraph 14 of Plaintiffs' Complaint.

15.

Defendant denies the averments contained in paragraph 15 of Plaintiffs' Complaint.

16.

Defendant denies the averments contained in paragraph 16 of Plaintiffs' Complaint.

17.

Defendant denies the averments contained in paragraph 17 of Plaintiffs' Complaint.

18.

Defendant incorporates by reference its responses to paragraphs 1-17 of Plaintiffs' Complaint as if fully set forth herein below.

19.

Defendant denies the averments contained in paragraph 19 of Plaintiffs' Complaint.

20.

Defendant denies the averments contained in paragraph 20 of Plaintiffs' Complaint.

21.

Defendant denies the averments contained in paragraph 21 of Plaintiffs' Complaint.

22.

Defendant denies the averments contained in paragraph 22 of Plaintiffs' Complaint.

23.

Defendant denies the averments contained in paragraph 23 of Plaintiffs' Complaint.

24.

Defendant denies the averments contained in paragraph 24 of Plaintiffs' Complaint.

25.

Defendant denies the averments contained in paragraph 25 of Plaintiffs' Complaint.

26.

Defendant denies the averments contained in paragraph 26 of Plaintiffs' Complaint.

27.

Defendant denies the averments contained in paragraph 27 of Plaintiffs' Complaint.

28.

Defendant denies the averments contained in paragraph 28 of Plaintiffs' Complaint.

29.

Defendant denies the averments contained in paragraph 29 of Plaintiffs' Complaint.

30.

Defendant denies the averments contained in paragraph 30 of Plaintiffs' Complaint.

31.

Defendant denies the averments contained in paragraph 31 of Plaintiffs' Complaint.

32.

Defendant denies the averments contained in paragraph 32 of Plaintiffs' Complaint.

33.

Defendant incorporates by reference its responses to paragraphs 1-32 of Plaintiffs' Complaint as if fully set forth herein below.

34.

Defendant denies the averments contained in paragraph 34 of Plaintiffs' Complaint.

35.

Defendant denies the averments contained in paragraph 35 of Plaintiffs' Complaint.

36.

Defendant denies the averments contained in paragraph 36 of Plaintiffs' Complaint.

37.

Defendant denies the averments contained in paragraph 37 of Plaintiffs' Complaint.

38.

Defendant incorporates by reference its responses to paragraphs 1-37 of Plaintiffs' Complaint as if fully set forth herein below.

39.

Defendant denies the averments contained in paragraph 39 of Plaintiffs' Complaint.

40.

Defendant denies the averments contained in paragraph 40 of Plaintiffs' Complaint.

41.

Defendant denies the averments contained in paragraph 41 of Plaintiffs' Complaint.

42.

Defendant denies the averments contained in paragraph 42 of Plaintiffs' Complaint.

43.

Defendant denies the averments contained in paragraph 43 of Plaintiffs' Complaint.

44.

Defendant denies the averments contained in paragraph 44 of Plaintiffs' Complaint.

**FIFTH DEFENSE**

Defendant denies each and every averment contained in the paragraph beginning with the word "WHEREFORE" in the Plaintiffs' Complaint. Any allegations or averments contained in Plaintiffs' Complaint not specifically responded to above are hereby denied.

WHEREFORE, Defendant QUIKTRIP CORPORATION, having fully answered, demands that it be discharged with all costs cast upon the Plaintiffs.

Respectfully submitted,

**DOWNEY & CLEVELAND, LLP**

By: /s/ Sean L. Hynes
Sean L. Hynes
Georgia State Bar No. 381698
hynes@downeycleveland.com
Attorneys for Defendant

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Anne Marie du Toit, Esq.
Catherine D. Payne, Esq.
Payne & du Toit
2275 Marietta Blvd NW Suite 270-245
Atlanta, Georgia 30318

This 31st day of August, 2021.

**DOWNEY & CLEVELAND, LLP**

By: /s/ Sean L. Hynes
Sean L. Hynes
Georgia State Bar No. 381698